**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. 4:25-CR-00070-ALM-BD |
| | § | |
| DEZMOND RAHSANN BARRETT (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Before the court is the request for revocation of Defendant Dezmond Rahsaan Barrett's ("Defendant") supervised release. The revocation hearing was held on July 14, 2025. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office and the Government was represented by Christopher Rapp.

Defendant was sentenced on October 2, 2023, before The Honorable Sam A. Lindsay of the Northern District of Texas after pleading guilty to the offense of Possession of Stolen Mail, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years imprisonment. The guideline imprisonment range, based on a total offense level of 13 and a criminal history category of III, was 18 to 24 months. Defendant was subsequently sentenced to 24 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include restitution, testing and treatment for substance abuse, GED, no possession of Identification not in his name and date of birth, no new credit, submission of requested financial information, and a $100 special assessment. On March 21, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

On June 4, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #2, Sealed). In its Petition to revoke, the

Government alleges Defendant violated the following conditions:

1) <u>Mandatory Condition</u> Defendant must not commit another federal, state or local crime.

2) <u>Special Condition</u> Defendant shall not possess any forms of identification in any name of another than his true and legal name, Dezmond Rahsaan Barrett, showing a date of birth of March 23, 1998. Defendant shall not possess, handle, or distribute any identification, credit cards, bank checks, or other financial instruments in any name other than his true name, Dezmond Rahsaan Barrett. Specifically, the Government alleges, regarding both allegations one (1) and two (2), on April 16, 2025, Defendant was arrested by the Plano, Texas, Police Department on an outstanding warrant issued by Parker County, Texas. On January 5, 2025, Parker County Sheriff's Deputies were notified of a victim of Theft Property >= $750. Additionally the Government alleges, on December 30 and 31, 2024; and January 2, 2025, the victims' checks were deposited into a codefendant's account by a male later identified as Defendant. As such, Defendant has been charged with Fraudulent Use or Possession of Identifying Information <5 Items, Elderly in violation of Texas Penal Code § 32.51(c)(1). On April 16, 2025, Defendant was released on a $20,000 surety bond and the case remains pending in Parker County, Texas.

3) <u>Special Condition</u> Pursuant to the Mandatory Victims Restitution Act of 1996, Defendant is ordered to pay restitution in the amount of $9,882.79. Specifically, the Government alleges that on April 5, 2024, Defendant was instructed to make monthly payments towards restation in the amount of $250.00 beginning May 22, 2024. Defendant failed to make payments for the months of July and November 2024, January, February and April 2025. To date, he has paid $6,610.00 towards restitution with an outstanding balance of $3,272.79.

4) <u>Special Condition</u> Defendant shall participate in an outpatient program approved by the probation officer for treatment of narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxications during

and after completion of treatment. Specifically, the Government alleges that Defendant failed to submit a urine specimen at NOC Counseling in McKinney, Texas on June 3, 2024. He failed to attend counseling at NOC Counseling in McKinney, Texas on March 20, 2025.

5) <u>Special Condition</u> Defendant shall not possess any forms of identification in any name of another than his true and legal name, Dezmond Rahsaan Barrett, showing a date of birth of March 23, 1998. He shall not possess, handle, or distribute any identification, credit cards, bank checks, or other financial instruments in any name other than his true name, Dezmond Rahsaan Barrett. Specifically, the Government alleges that on February 21, 2025, U.S. Postal Inspectors along with the McKinney, Texas, Police Department conducted a search of the offender's residence. During the search, multiple debit cards were located that were not in Defendant's name.

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations three (3), four (4), and five (5) in the Petition. The Government moved to dismiss allegations one (1) and two (2) of the Petition. Having considered the Petition and the plea of true to allegations three (3), four (4), and five (5), the court finds that Defendant did violate his conditions of supervised release.

The parties agreed upon the sentence to be imposed. Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the undersigned recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eight (8) months, with a twenty-eight (28) month term of supervised release to follow.

Upon release from imprisonment, you shall be placed on a term of supervised release for a term of twenty-eight (28) months. You must report to the probation office in the federal district

where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation officer or within a different time frame.

While on supervised release, you must not commit another state, federal, or local crime. You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the Court.

You must comply with the standard conditions that have been adopted by the Court. Additionally, the Court finds special conditions originally imposed by the Court are still relevant and are reimposed as follows:

- You must pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

- You must provide the probation officer with access to any requested financial information for purposes of monitoring restation payments and employment.

- You shall not possess any forms of identification in any name other than your true and legal name, Dezmond Rahsaan Barrett, showing a date of birth of March 23, 1998. You shall not possess, handle, or distribute any identification, credit cards, bank checks, or other financial instruments in any name other this his true name, Dezmond Rahsaan Barrett.

- You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

- You must not participate in any form of gambling unless payment of any financial

4

obligation ordered by the Court has been paid in full.

- You must not illegally possess a controlled substance and shall refrain from any unlawful use of a controlled substance.

- You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing.

- You shall participate in an educational service program and follow the rules and regulations of that program. Such programs may include high school equivalency preparation, English as a Second Language classes, and other classes designed to improve your proficiency in skills such as reading, writing, mathematics, or computer use. You must pay the costs of the program.

The undersigned recommends granting Government's motion to dismiss allegations one (1) and two (2).

SIGNED this the 14th day of July, 2025.

J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE